UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

TONY L. BURNETT,

        Petitioner,

        v.                          CAUSE NO.: 3:17-CV-463-PPS-MGG

WARDEN,

        Respondent.

## OPINION AND ORDER

Tony L. Burnett, a prisoner without a lawyer, seeks habeas corpus relief from the finding of guilt in a prison disciplinary hearing held at the Plainfield Correctional Facility. First, he challenges a disciplinary conviction of Class B threatening in violation of Indiana Department of Correction policy B-213. Second, he challenges a disciplinary conviction of Class A attempting to engage in trafficking in violation of Indiana Department of Correction policy A-111/113. ECF 12-5. As a result, he was docked 90 days of earned credit time and was demoted from Credit Class 1 to Credit Class 2 which means he will accrue good time credits at a slower rate going forward. *Id.*

As an initial matter, concerning Burnett's challenge to the Class B threatening offense, I agree with Respondent that that challenge has been mooted. On December 8, 2017, an Appeal Review Officer reconsidered the disciplinary conviction, dismissed the case and sanction, and expunged it from Burnett's record. ECF 12-10. With no conviction or sanction, there is no case or controversy and this challenge must be dismissed as moot. *See Cochran v. Buss*, 381 F.3d 637, 641 (7th Cir. 2004) (per curiam).

Now on to Burnett's live claim concerning his conviction for attempting to engage in trafficking. The Fourteenth Amendment guarantees prisoners certain procedural due process rights in prison disciplinary hearings: (1) advance written notice of the charges; (2) an opportunity to be heard before an impartial decision-maker; (3) an opportunity to call witnesses and present documentary evidence in defense, when consistent with institutional safety and correctional goals; and (4) a written statement by the fact-finder of evidence relies on and the reasons for the disciplinary action. *Wolff v. McDonnell*, 418 U.S. 539 (1974). To satisfy due process, there must also be "some evidence" in the record to support the guilty finding. *Superintendent, Mass Corr Inst. v. Hill*, 472 U.S. 445, 455 (1985).

The Report of Conduct, including the statement of a witness, discusses the circumstances for Burnett's conviction. Specifically it says:

> At approximately 19:15 on October 4, 2016, I Aramark [Employee] D. Pope, was leaving the kitchen and walking past the hospital building. Offender Burnett, Tony L. #188066 was standing at the med line and got my attention to ask questions regarding diet programs. After explaining the difference between diet programs, Offender Burnett, Tony L. #188066 made the comment that anyone seeing us talk would think that we were trafficking. Offender Burnett, Tony L. #188066, then stated that if I were interested in that kind fo thing and wanted to make some money, he "knew someone that was taking applications." I, Aramark [Employee] D. Pope, told Offender Burnett, Tony L. #188066 that I had no interest in trafficking. Offender Burnett, Tony L. #188066 persisted, stating that I could make enough money to take care of my family and that no one would find out. I told him again that I was not interested and ended the conversation.

ECF 12-1. Burnett was subsequently charged and found guilty of violating policy A

2

111/113 Attempting to Engage in Trafficking. Adult Disciplinary Process, Appendix I: Offenses. [http://www.in.gov/idoc/files/02-04-101_APPENDIX_I-OFFENSES_6-1-2015(1).pdf](http://www.in.gov/idoc/files/02-04-101_APPENDIX_I-OFFENSES_6-1-2015(1).pdf).

In his petition, Burnett argues that there are grounds which entitle him to relief: (1) that the hearing officer was not impartial; (2) that he was prevented from presenting evidence in his defense; and (3) the prison did not follow its own policies. ECF 10 at 2.

Burnett has failed to carry his burden to show that the Hearing Officer in this case was biased. He says that during his hearing, there were correctional officers present during the disciplinary hearing who voiced "their opinions" and there were other offenders present who "held obscene remarks and cursed towards" the Hearing Officer. ECF 10 at 2. All Burnett offers though, is that these "may have" influenced the Hearing Officer's decision, but he makes no clear statement as to what actual bias developed or why the Hearing Officer would have been biased against him as a result. Due process is violated when, for example, the Hearing Officer or member of the disciplinary board was also one of the officials who was involved in the underlying charge or its investigation. *See Piggie v. Cotton*, 342 F.3d 660, 666 (7th Cir. 2003); *Whitford v. Bogliono*, 63 F.3d 527, 524 (7th Cir. 1995). But "[a]djudicators are entitled to a presumption of honesty and integrity, and thus the constitutional standard for impermissible bias is high[.]" *Piggie*, 342 F.3d at 666. The mere presence of other prison staff or inmates does not render the Hearing Officer biased.

Burnett's claim that he was denied a right to present evidence in violation of due process likewise fails. In his traverse, Burnett says that camera evidence (presumably

3

videotape of the incident) would show his innocence. I'm at a loss to see how. Burnett admits that he had a discussion with Mr. Pope. Any video, to the extent it exists, would not reveal the contents of the discussion, and what was said between Pope and Burnett is what matters. In all events, Burnett never requested such camera evidence at the time of his hearing and thus he wasn't denied anything. ECF 12-2. "[P]risoners may waive the right to present evidence by not requesting it prior to the hearing." *Gee v. Superintendent, Wabash Valley Corr. Facility*, No. 3:08-CV-208 JVB, 2009 WL 112576, at *1 (N.D. Ind. Jan. 16, 2009). What's more, Burnett was given the opportunity to present witnesses, including the statement of another inmate and did so. *Id.*

The real issue is whether there was "some" evidence to support Burnett's conviction. That is a meager standard. Indeed, a conduct report on its own can be sufficient evidence to support a finding of guilty in this context. *McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999) ("In reviewing a decision for some evidence, courts are not required to conduct an examination of the entire record, independently assess witness credibility, or weigh the evidence, but only determine whether the prison disciplinary board's decision to revoke good time credits has some factual basis.") (holding that disciplinary report alone provides "some evidence" necessary to convict). In this case, the Hearing Officer had the Report of Conduct which contains the statement of the cafeteria worker Mr. Pope. ECF 12-5. That report is damning. It reveals that Burnett tried to get Pope to help him traffic. The hearing officer had a right to credit that report, and he did.

4

Finally, Burnett presents an argument that the prison did not comply with its own internal policies. He points to the delay between when he was charged, when the Report of Conduct was submitted and when the disciplinary hearing held. But violations of such policies, which are creatures of state law, cannot entitled a prisoner to federal habeas corpus relief. *Hester v. McBride*, 966 F. Supp. 765, 774-75 (N.D. Ind. 1997).

Accordingly, Tony L. Burnett's petition for writ of habeas corpus is DENIED. The clerk is DIRECTED to close this case.

SO ORDERED on November 16, 2018.

/s/ Philip P. Simon
PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT